# Court of Appeals
# of the State of Georgia

ATLANTA,  February 13, 2013

*The Court of Appeals hereby passes the following order:*

**A13A1031.  BERINGER v. EMORY.**

In this appeal from an order in a child custody case, the appellant mother has moved this Court to compel the production of a hearing transcript.  She asserts in her motion that the appellee father refuses to instruct the court reporter to make this transcript available to the mother.  The mother filed a similar motion in the trial court, and the record does not reflect that the trial court ever ruled on that motion.  The record does indicate that, at the hearing, the father's counsel represented to the court that the mother had elected not to participate in the takedown.

Where a party expressly refuses to participate in the takedown of proceedings in a civil case and the trial court makes no order with respect to the reporting of the case under OCGA §§ 5-6-41 (c) and 15-14-1, the party refusing to participate cannot later compel the reporter to produce a transcription "even though the party offered to pay the entire cost of reporting the case and the cost of transcribing the same." (Citation and punctuation omitted.) *Kent v. Kent*, 289 Ga. 821, 832 (2) (b) (716 SE2d 212) (2011).  But "an 'express' refusal to participate in the costs of a court reporter is a refusal that is manifested by direct and appropriate language, as distinguished from that which is inferred from conduct."  (Citation, punctuation and emphasis omitted.)  Id.  A party seeking to invoke the rule preventing an opposing party from compelling a transcript after refusing to participate in the takedown "must make the express refusal known to the judge before [the proceedings and] must invoke a ruling of the trial judge at the commencement of the proceedings, that his opponent has expressly refused to participate in the costs of reporting."  (Citation and emphasis

omitted.)  Id.

We are not in a position to determine whether the father, as the party seeking a forfeiture of his opponent's right to a transcript, met his burden of showing that the mother expressly refused to participate in the costs of reporting.  The record before us shows only that the father represented as much to the trial court.  It does not show that the trial court made any ruling on this issue.  The trial court is best suited to make this determination.  See id. at 823-824 (2) (a).

We hereby REMAND this case to the Superior Court of Cobb County for the trial court to rule on the motion to compel production of the transcript that the mother filed in that court.  Once the trial court has ruled on the motion and, if the trial court grants the motion, once the record has been supplemented with the transcript, the clerk is directed to transmit the record to this Court for re-docketing of the appeal.

In light of our remand of this case, the motion to compel production of the transcript that the mother filed in this Court is hereby DENIED as MOOT.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 02/13/2013
  *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

, *Clerk.*